■ KATHLEEN O. HUNT, Appellant, v CHRISTOPHER J. PALLM, Respondent. [629 NYS2d 902] —Order affirmed with costs. Memorandum: Supreme Court properly denied plaintiff's motion for a money judgment against defendant for money allegedly due plaintiff pursuant to the terms of a property settlement agreement incorporated but not merged into the parties' judgment of divorce. Plaintiff contends that (1) the agreement of defendant to assume payment of a second mortgage on the parties' marital residence required him to continue making the monthly payments of principal and interest to her even after plaintiff's early discharge of that mortgage, and (2) that, as a surety, she was entitled to enforce the terms of the mortgage upon discharging defendant's debt. There is no merit to plaintiff's contentions.

As a surety, plaintiff was entitled to recover only the amount she paid to the bank (*see, Fidelity & Cas. Co. v Finch,* 3 AD2d 141, 144) and is subrogated only to the rights and remedies of the bank (*see, American Sur. Co. v Town of Islip,* 268 App Div 92, 94-95; 63 NY Jur 2d, Guaranty and Suretyship, § 431). It is clear from the record that defendant has paid plaintiff in full pursuant to the terms of the agreement and cannot now be charged for interest on a non-existing debt.

All concur except Denman, P. J., and Pine, J., who dissent and vote to reverse in the following Memorandum.

Denman, P. J., and Pine, J. (dissenting). We respectfully dissent. We would reverse and grant the motion of plaintiff for a money judgment against defendant, her ex-husband, based upon the terms of their property settlement agreement that was incorporated but not merged in the parties' judgment of divorce. We agree with plaintiff that the terms of that agreement required defendant to continue making monthly payments of principal and interest on a second mortgage directly to plaintiff even after plaintiff's early discharge of that mortgage. We conclude that the language in the agreement

that, "[i]n the event of the sale of the house, the husband will still be responsible for the payment of the second mortgage directly to the wife" is dispositive. We further conclude that that language evidences the intent of the parties that defendant continue making mortgage payments even if the house were sold, i.e., if the mortgage were discharged early. Here, those mortgage payments included principal and interest. (Appeal from Order of Supreme Court, Erie County, Sedita, Jr., J.—Enforcement Proceeding.) Present—Denman, P. J., Green, Pine, Callahan and Davis, JJ.